IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GABRIELA HERNANDEZ-NUNEZ, § § Plaintiff, § § V. § QUALITY CHRISTMAS TREES, LTD. § D/B/A HOUSTON GARDEN CENTERS, § § Defendant. § | § § CIVIL ACTION NO. 4:13-CV-_____ (JURY) |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gabriela Hernandez-Nunez (the "Plaintiff") files this her Original Complaint against Defendant Quality Christmas Trees, Ltd. d/b/a Houston Garden Centers (the "Company") as follows:

### NATURE OF THE DISPUTE

1. The Company discriminated against the Plaintiff in violation of the Americans with Disabilities Act, as amended, (the "ADAA"), 42 U.S.C. § 12102(1)(A)-(C)(2013) by terminating her employment because of her disability.

2. Based on the foregoing, the Plaintiff brings this action to recover damages under the ADAA, including without limitation, reinstatement, back pay, front pay, reasonable accommodations, expert witness fees, and compensatory and punitive damages. In addition, the Plaintiff seeks reimbursement of her reasonable attorneys' fees and costs of court under the ADAA.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (2013) and 42 U.S.C. § 12101 (2013).

4. The Plaintiff brings this complaint in the district in

which she and the Company reside and where a substantial portion of the conduct charged herein occurred. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2013).

## PARTIES

5. The Plaintiff is a resident of Harris County, Texas and was employed by the Company within the meaning of the ADAA.

6. The Company is a domestic limited partnership who may be served with process by serving its registered agent, J. Gary Langford, 5177 Richmond Avenue, Suite 1200, Houston, Texas 77056.

## STATEMENT OF FACTS

7. The Plaintiff is deaf and worked for the Company as a cashier for eleven (11) years without incident.

8. In or around September of 2011, a new manager was assigned to the Plaintiff's work location. The new manager told the Plaintiff that she could not keep up with her work because she was deaf.

9. Soon thereafter, the Plaintiff's employment was terminated on November 6, 2011.

10. The Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on December 23, 2011. A notice of right to sue letter was issued upon request on June 19, 2013.

11. This lawsuit timely follows.

## FIRST CAUSE OF ACTION

### Violations of the ADA

12. The Plaintiff incorporates all allegations contained in

paragraphs 1 through 9.

13. In 2008, the American's with Disabilities Act (the "ADA") was amended to provide broader coverage to individuals under the ADA. The ADAAA mandates a liberal construction and strengthens coverage under the "regarded as" prong.

14. In that regard, and with respect to an individual, disability means:

   a. a physical or mental impairment that substantially limits one or more major life activities;

   b. a record of such an impairment; or

   c. being regarded as having an impairment.

42 U.S.C. § 12102(1)(A)-(C) (2013).

15. Here, the Plaintiff has a physical or mental impairment that substantially limits one or more major life activities. For purposes of the ADAAA, "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A) (2013). Consequently, the Plaintiff is disabled under the ADAA.

16. Additionally, the ADAAA provides that "an individual meets the requirement of being regarded as having an impairment if the individual establishes that he or she has been subjected to an action prohibited under the ADAAA because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. §

12102(3)(A) (2013).

17. Here, the Company was aware of the Plaintiff's deafness and regarded the Plaintiff as having an impairment. Although the Plaintiff was qualified to perform her job, the Company terminated her employment because of her disability and/or because the Company regarded the Plaintiff as disabled.

18. The Company's conduct as described above is in violation of the ADAA. As a direct result of the Company's conduct, the Plaintiff is entitled to reinstatement and compensatory damages. Additionally, because the Company acted with malice or reckless disregard of the Plaintiff's federally protected rights, the Plaintiff is entitled to the recovery of punitive damages.

### ATTORNEYS' FEES

19. The Plaintiff has had to employ counsel for which she seeks reimbursement of her reasonable attorneys' fees and costs incurred pursuant to 42 U.S.C. § 12117(a) (2013). The Plaintiff has complied with all conditions precedent to the recovery of attorneys' fees.

### JURY DEMAND

20. The Plaintiff requests a trial by jury.

### PRAYER

The Plaintiff prays that at trial she be awarded the following, jointly and severally, against Defendant Quality Christmas Trees d/b/a Houston Garden Center:

a. reinstatement to a comparable position;

b. actual and compensatory damages;

c. reasonable attorneys' fees;

d. prejudgment and post-judgment interest on the amounts awarded above at the highest rate allowed by law; and

e. such additional relief to which she may show herself justly entitled.

        Respectfully submitted,

        /S/ Mark Siurek
        Mark Siurek
        TBA# 18447900
        Fed. ID# 9417
        3334 Richmond Avenue
        Suite 100
        Houston, Texas 77098
        713-522-0066 (telephone)
        713-522-9977 (fax)
        msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
www.warrensiurek.com
Patricia Haylon
TBA# 09281925
FED. ID: 13941
3334 Richmond Avenue
Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com